### 8760.   FIRST NATIONAL BANK OF CHATTANOOGA *v.* KIRKLAND.

The verdict was authorized by evidence, and there was no error of law requiring the grant of a new trial.

DECIDED JANUARY 22, 1918.

Trover; from Fulton superior court—Judge Pendleton.   January 20, 1917.

A bank in Chattanooga held a note made by Kirkland and indorsed by Kyle, dated January 23, 1914, and due April 23, 1914. The Chattanooga bank sent this note for collection to a bank at Gadsden, Alabama, of which Kyle was vice-president, and after its maturity the Chattanooga bank authorized Kyle to procure from Kirkland a renewal note for the principal, which note should mature three months from April 23, 1914, and to secure which Kirkland was to attach certain stock certificates as collateral, in lieu of Kyle's indorsement, it being then further agreed by the Chattanooga bank that this renewal note would be itself extended so as to allow Kirkland to "pay five hundred in nine months, five hundred in twelve months, one thousand every ninety days thereafter until paid in full." Kirkland agreed with Kyle upon the terms of this arrangement, and sent to him the ninety-days renewal note together with the collateral specified. Kyle returned to Kirkland the collateral, stating as the reason that it had not been properly assigned by a previous owner, and made the request that it be transferred in blank and returned. Kirkland procured the transfer requested, and the previous owner, after signing it, mailed the stock certificate direct either to Kyle or to the bank at Gadsden, and it reached the bank on July 23, 1914, the day on which the renewal note was to mature. Thereupon the Gadsden bank wrote to Kirkland as follows: "Mr. D. H. Kirkland, Atlanta, Ga. Dear Sir: We this morning received the certificate of stock from Mr. Young, properly transferred, and I went immediately to our files to get the paper for the renewal, whereupon I ascertained that the renewal paper is due today. I called Mr. Kyle over the phone, and he advises me that his agreement with you was to give you one renewal of the renewal paper. We are, therefore, enclosing paper made out for an extension of three months from this date, which we would thank you to execute and return in the first mail with your check for $80, interest, when we will return to you the old note. Please get this back as promptly as possible. We are enclosing the paper due today, which as you understand has not been used. Yours truly, S. McGaughey, Vice-pres't." Kirkland retained the note and stock thus sent to him, and the Chattanooga bank brought suit in bail-trover therefor. The Chattanooga bank still holds the old note made by Kirkland and indorsed by Kyle, and has made no tender thereof to Kirkland. On the trial its

president, after stating that it expected to hold the Gadsden bank, said: "We will hold Mr. Kyle also. I do not know whether we will make him pay it or the First National Bank of Gadsden. We are holding the note. We authorized him to surrender the note of January 23 upon receipt of these papers." He said also: Upon the return of the collateral note "we will give you that [the old] paper. I do not know that we will renew it now, but we agreed to do it." The jury found in favor of the defendant.

A. E. Goodhue, McDaniel & Black, Bachman & Simmons, for plaintiff. Mayson & Johnson, Tye, Peeples & Tye, for defendant.

JENKINS, J. (After stating the foregoing facts.) Irrespective of whether or not under the circumstances of the case the Gadsden bank was the joint agent of plaintiff with Kyle in taking the renewal note, or whether the Gadsden bank in returning the note and stock to Kirkland acted as a mere volunteer and without authority, upon the idea that its sole duty was that of a collection agent with power to collect the old note and remit proceeds, or transmit the new note as taken by Kyle, the sole agent of the Chattanooga bank for that purpose, we do not think that the plaintiff bank can come into court holding on to both the old and the renewal note and claiming title to and liability under each, even though it be willing to renounce its claim upon the former after receiving back the latter. Its claim must rest in one or the other of these inconsistent rights. It can not claim both until its rights are adjudicated. Nor do we think that it should be able to compel the return of the property sued for, while renouncing for itself the agreement by which it claims the note and stock were delivered.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*